IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
: 
JULIANNA BRIGLIO, :
individually and on behalf of all others similarly :
situated, : CIVIL ACTION
                Plaintiffs, :
: NO. _____
    v. :
: CLASS ACTION
JOHNSON & JOHNSON CONSUMER INC. :
:
                Defendant. :
---------------------------------------------------------------x

### CLASS ACTION COMPLAINT

1.    Plaintiff, Julianna Briglio ("Plaintiff"), brings this action on behalf of herself and all others similarly situated, against Johnson & Johnson Consumer Inc. ("Defendant"). Plaintiff makes the following allegations upon information and belief and personal knowledge, as to herself.

### BACKGROUND

2.    This is a class action lawsuit against Defendant for manufacturing and distributing the popular Neutrogena brand Sunscreen Products ("Sunscreen Products") without disclosing that they contain high levels of benzene, a known carcinogen. These Sunscreen Products include but are not limited to: Neutrogena Ultra Sheer Weightless Sunscreen Spray; Neutrogena Ultra Sheer Weightless Sunscreen Spray, SPF 100+; SPF 70 Neutrogena Beach Defense Oil-Free Body Sunscreen Spray-SPF 100; Neutrogena Invisible Daily Defense Body Sunscreen Broad Spectrum, SPF 60+; and Neutrogena Beach Defense Spray Body Sunscreen, SPF 50.

3. Benzene is known to cause cancer in humans, particularly blood cancers like leukemia.[1] Direct exposure of the eyes, skin, or lungs to benzene can cause tissue injury and irritation.[2] The FDA's concentration limit for benzene in products is 2 parts per million (ppm).[3]

4. On May 25, 2021, Valisure, a company that tests the chemical composition of medications and other consumer products, filed a citizen's petition with the FDA after finding that several of Defendant's Sunscreen Products tested well above the EPA limit for benzene. For example, Neutrogena Ultra Sheer Weightless Sunscreen Spray, SPF 100+ contained 6.26 ppm benzene.[4] Similarly, Neutrogena Beach Defense Oil-Free Body Sunscreen Spray, SPF 100 contained 4.01 ppm benzene.[5] Valisure's petition sought a recall of the Sunscreen Products.

5. Valisure's petition also indicated that the presence of benzene in the Sunscreen Products appeared to be the result of contamination, or a defect in the manufacturing process, which rendered the Sunscreen Products "unacceptable."[6]

6. Defendant knew or should have known about the presence of benzene in its Sunscreen Products and about its potential harmful effects to consumers. Nevertheless, Defendant continued to manufacture and sell Sunscreen Products containing benzene.

---

[1] National Cancer Institute, Cancer-Causing Substances, Benzene. https://www.cancer.gov/about-cancer/causes-prevention/risk/substances/benzene (last accessed July 19, 2021).
[2] Centers for Disease Control and Prevention, Facts About Benzene, https://emergency.cdc.gov/agent/benzene/basics/facts.asp (last accessed July 19, 2021).
[3] *See* p.1, "Valisure Citizen Petition on Benzene in Sunscreen and After-sun Care Products," Valisure, (May 24, 2021), *available at* https://www.valisure.com/wp-content/uploads/Valisure-Citizen-Petition-on-Benzene-in-Sunscreen-and-After-sun-Care-Products-v9.7.pdf (last accessed July 16, 2021).
[4] *Id.* at p. 12.
[5] *Id.*
[6] *Id.* at pp. 7-8, p.2.

7. On July 14, 2021, nearly three months after the Valisure petition was filed, Defendant recalled five Neutrogena brand aerosol Sunscreen Products after conducting its own internal tests.[7] Defendant claimed it found "low levels of benzene in some samples of the products."[8]

8. Plaintiff and the Class purchased the Sunscreen Products because they believed they were safe for human use. However, what Defendant sold them was toxic, dangerous, unmerchantable, and unfit for their intended purpose. Plaintiff and the Class would not have purchased the Sunscreen Products had they known they were unsafe and have, therefore, not received the benefit of their bargain.

9. Plaintiff brings this action on behalf of herself and the Class for equitable relief and to recover damages or equitable relief for: (i) breach of express warranty; (ii) breach of implied warranty; (iii) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (iv) fraudulent concealment; and (v) unjust enrichment.

**PARTIES**

10. Plaintiff Julianna Briglio is a resident of the Commonwealth of Pennsylvania who purchased Defendant's Sunscreen Products.[9]

11. Defendant Johnson & Johnson Consumer Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in

---

[7] jnj.com/johnson-johnson-consumer-inc-issues-voluntary-recall-of-specific-neutrogena-and-aveeno-aerosol-sunscreen-products-due-to-the-presence-of-benzene. (last accessed July 19, 2021).
[8] *Id.*
[9] Plaintiff purchased the following Sunscreen Products: NEUTROGENA® Beach Defense® aerosol sunscreen and NEUTROGENA® Cool Dry Sport aerosol sunscreen, both of which have been recalled by Defendant.

Skillman, New Jersey. Defendant manufactures and distributes Neutrogena® brand Sunscreen Products and other products throughout the United States.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

13. This Court has personal jurisdiction over this action because Defendant is incorporated, and maintains its principal place of business in, the State of New Jersey, and therefore is subject to general jurisdiction in New Jersey.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because Defendant resides in this District.

## CLASS ACTION ALLEGATIONS

15. Plaintiff seeks to represent a class defined as "all persons in the United States who purchased Defendant's Sunscreen Products that contain benzene." Plaintiff also seeks to represent a subclass of "all Class members who also purchased Sunscreen Products in the State of Pennsylvania" (the "Subclass").

16. The Class and Subclass shall be referred to as the "Classes."

17. Subject to additional information obtained through further investigation and discovery, the foregoing definitions of the Classes may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

18. Specifically excluded from the Classes are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees,

principals, servants, partners, joint ventures, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

19. **Numerosity**. The members of the proposed Classes are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals that are members of the proposed Classes. Although the precise number of proposed members is unknown to Plaintiff, the true number of members of the Classes is known by Defendant. Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

20. **Typicality**. The claims of the representative Plaintiff are typical of the claims of the Classes in that the representative Plaintiff, like all members of the Classes, purchased the Sunscreen Products, which were worthless due to the presence of benzene, a harmful and carcinogenic chemical. The representative Plaintiff, like all members of the Classes, has been damaged by Defendant's misconduct in the very same way as the members of the Classes. Further, the factual bases of Defendant's misconduct are common to all members of the Classes and represent a common thread of misconduct resulting in injury to all members of the Classes.

21. **Existence and predominance of common questions of law and fact**. Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual questions include, but are not limited to, the following:

> (a) whether the Sunscreen Products manufactured by Defendant contain dangerously high levels of benzene, thereby breaching the express and

implied warranties made by Defendant and making the Sunscreen Products unfit for human use and therefore unfit for its intended purpose;

(b) whether Defendant knew or should have known the Sunscreen Products contained elevated levels of benzene prior to selling them, thereby constituting fraud and/or fraudulent concealment;

(c) whether Defendant has unlawfully converted money from Plaintiff and the Classes;

(d) whether Defendant is liable to Plaintiff and the Classes for unjust enrichment;

(e) whether Defendant is liable to Plaintiff and the Classes for fraudulent concealment;

(f) whether Plaintiff and the Classes have sustained monetary loss and the proper measure of that loss;

(g) whether Plaintiff and the Classes are entitled to declaratory and injunctive relief;

(h) whether Plaintiff and the Classes are entitled to restitution and disgorgement from Defendant; and

(i) whether the marketing, advertising, packaging, labeling, and other promotional materials for the Sunscreen Products are deceptive.

22. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that are antagonistic to those of the Classes.

23. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by members of the Classes are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if members of the Classes could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of

inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

24. In the alternative, the Classes may be certified because:

(a) the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### BREACH OF EXPRESS WARRANTY
### (On Behalf of the National Class and the Pennsylvania Subclass)

25. Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

26. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

27. In connection with the sale of the Sunscreen Products, Defendant, as the designer, manufacturer, marketer, distributor, and/or seller issued written warranties by representing that

the Sunscreen Products contained only those active and inactive ingredients listed on the Sunscreen Products' labels. Those active and inactive ingredients do not include benzene, a known carcinogen. Defendant further expressly warranted that the Sunscreen Products are used for protection from the sun, rather than for exposure to carcinogens.

28. As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff and the Class members have been injured and harmed because they would not have purchased the Sunscreen Products had they known that the Sunscreen Products contained benzene and are generally recognized as unsafe.

## COUNT II
### BREACH OF IMPLIED WARRANTY
**(On Behalf of the National Class and the Pennsylvania Subclass)**

29. Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

30. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

31. At all relevant times, Defendant was a merchant with respect to the Sunscreen Products and impliedly warranted that the Sunscreen Products (i) would not contain elevated levels of benzene and (ii) are generally recognized as safe for human use.

32. Defendant breached the warranty implied in the contract for the sale of the defective Sunscreen Products because they could not pass without objection in the trade under the contract description, the Sunscreen Products were not of fair or average quality within the description, and the Sunscreen Products were unfit for their intended and ordinary purpose because the Sunscreen Products manufactured, distributed, and sold by Defendant were defective in that they contained elevated levels of benzene, and as such are not generally recognized as

safe for human use. As a result, Plaintiff and members of the Classes did not receive the goods that Defendant impliedly warranted were merchantable.

33. Plaintiff and members of the Classes purchased the Sunscreen Products in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

34. The Sunscreen Products were not altered by Plaintiff or members of the Classes.

35. The Sunscreen Products were defective when they left the exclusive control of Defendant.

36. Defendant knew that the Sunscreen Products would be purchased and used without additional testing by Plaintiff and members of the Classes.

37. The Sunscreen Products were defectively manufactured and unfit for their intended purpose, and Plaintiff and members of the Classes did not receive the goods as warranted.

38. As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and members of the Classes have been injured and harmed because: (a) they would not have purchased the Sunscreen Products if they knew that the Sunscreen Products contained harmful levels of benzene and are not generally recognized as safe for human use; and (b) the Sunscreen Products do not have the characteristics, ingredients, uses, or benefits that were promised by Defendant.

**COUNT III**
**VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 PA. C.S. §201-1, *ET SEQ.***
**(On Behalf of the Pennsylvania Subclass)**

39. Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

40. This cause of action is brought on behalf of the Pennsylvania Subclass.

41. Plaintiff and the Class members are "[p]erson[s]" within the meaning of 73 Pa. C.S. §201-2(2).

42. Plaintiff and the Class members purchased the Sunscreen Products "primarily for personal, family or household purposes" within the meaning of 73 Pa. C.S. §201-9.2(a). Defendant was and is engaged in "[t]rade" or "commerce" within the meaning of 73 Pa. C.S. §201-2(3).

43. The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("Pennsylvania CPL") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 Pa. C.S. §201-3.

44. The Pennsylvania CPL makes unlawful specific acts, including:

>  (a) "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have" (73 Pa. C.S. §201-2(4)(v));
>
>  (b) "[r]epresenting that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another" (73 Pa. C.S. §201-2(4)(vii));
>
>  (c) "[a]dvertising goods or services with intent not to sell them as advertised" (73 Pa. C.S. §201-2(4)(ix)); and
>
>  (d) "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" (73 Pa. C.S. §201-2(4)(xxi)).

45. In the course of its business, Defendant, directly or through its agents, employees, and/or subsidiaries, violated the Pennsylvania CPL by knowingly and intentionally misrepresenting, omitting, concealing, and failing to disclose material facts about the presence of benzene in the Sunscreen Products, and further that they were inherently defective, unreasonably

dangerous, not fit to be used for their intended purpose, contained elevated levels of a known carcinogen that rendered them unsafe, and unfit for human use.

46.     Defendant, directly or through its agents, employees, and/or subsidiaries, violated the Pennsylvania CPL by knowingly and intentionally misrepresenting, omitting, concealing, and failing to disclose material facts in its marketing, advertising, and promotions for its benzene containing Sunscreen Products, including that they were inherently defective, unreasonably dangerous, not fit to be used for their intended purpose, and that they contained a known carcinogen that rendered them unsafe and unfit for human use.

47.     By knowingly and intentionally misrepresenting, omitting, concealing, and failing to disclose material facts regarding the benzene contained in the Sunscreen Products, as detailed above, Defendant engaged in unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of the Pennsylvania CPL by:

(a) representing that the Sunscreen Products have characteristics, uses, benefits, and qualities which they do not have;

(b) representing that the Sunscreen Products are of a particular standard, quality, and grade when they are not;

(c) advertising the Sunscreen Products with the intent not to sell them as advertised; and

(d) engaging in other fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding.

48.     Defendant's misrepresentations and omissions regarding the inherently defective and unreasonably dangerous nature of the Sunscreen Products were disseminated to Plaintiff and the Class members in a uniform manner.

49. Defendant's unfair or deceptive acts or practices, including its misrepresentations, concealments, omissions, and suppressions of material facts, as alleged herein, had a tendency or capacity to mislead and create a false impression in consumers' minds, and were likely to and, in fact, did deceive reasonable consumers, including Plaintiff and the Class members, into thinking that inherently defective and unreasonably dangerous Sunscreen Products were safe.

50. The facts about the benzene contained in the Sunscreen Products that Defendant knowingly and intentionally misrepresented, omitted, concealed, and failed to disclose would be considered material by a reasonable consumer, and they were, in fact, material to Plaintiff and the Class members, who considered such facts to be important to their purchase decisions with respect to the Sunscreen Products.

51. Plaintiff and the Class members relied on Defendant's misrepresentations and omissions of material facts with respect to the Sunscreen Products by purchasing the Sunscreen Products after Defendant's misrepresentations and omissions of material facts were made.

52. Plaintiff and the Class members were aggrieved by Defendant's violations of the Pennsylvania CPL because they suffered ascertainable loss and actual damages as a direct and proximate result of Defendant's knowing and intentional misrepresentations, omissions, concealments, and failures to disclose material facts as set forth above.

53. Specifically, Plaintiff and the Class members were deceived by Defendant's misrepresentations, omissions, concealments, and failures to disclose material facts regarding Sunscreen Products. Had Defendant not engaged in the deceptive acts and practices alleged herein, Plaintiff and the Class members would not have purchased the drug, and, thus, they did not receive the benefit of the bargain and/or suffered out-of-pocket loss.

54.     Defendant's violations present a continuing risk to Plaintiff and the Class members, as well as to the general public. Defendant's unlawful acts and practices complained of herein affect the public interest.

55.     As a result of Defendant's violations of the Pennsylvania CPL, as alleged herein, Plaintiff and the Class members seek an order enjoining Defendant's unfair or deceptive acts or practices and awarding actual damages, costs, attorneys' fees, and any other just and proper relief available under the Pennsylvania CPL.

**COUNT IV**
**FRAUDULENT CONCEALMENT**
**(On Behalf of the National Class and the Pennsylvania Subclass)**

56.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

57.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

58.     Defendant had a duty to disclose material facts to Plaintiff and the Classes given their relationship as contracting parties and intended users of the Sunscreen Products. Defendant also had a duty to disclose material facts to Plaintiff and the Classes, namely that it was in fact manufacturing, distributing, and selling harmful Sunscreen Products unfit for human use, because Defendant had superior knowledge such that the transactions without the disclosure were rendered inherently unfair.

59.     Defendant possessed knowledge of these material facts. Since at least mid-2020, numerous recalls put Defendant on notice that adulterated and misbranded Sunscreen Products were being investigated for contamination with carcinogens, including benzene. Further, benzene is not unavoidable in the manufacture of sunscreens.

60. During this time, Plaintiff and members of the Classes were using the Sunscreen Products without knowing they contained dangerous levels of benzene.

61. Defendant failed to discharge its duty to disclose these materials facts.

62. In so failing to disclose these material facts to Plaintiff and the Classes, Defendant intended to hide from Plaintiff and the Classes that they were purchasing and consuming the Sunscreen Products with harmful defects that were unfit for human use, and thus acted with scienter and/or an intent to defraud.

63. Plaintiff and the Classes reasonably relied on Defendant's failure to disclose insofar as they would not have purchased the defective Sunscreen Products manufactured and sold by Defendant had they known they contained unsafe levels of benzene.

64. As a direct and proximate cause of Defendant's fraudulent concealment, Plaintiff and the Classes suffered damages in the amount of monies paid for the defective Sunscreen Products.

65. As a result of Defendant's willful and malicious conduct, punitive damages are warranted.

## COUNT V
### UNJUST ENRICHMENT
**(On Behalf of the National Class and the Pennsylvania Subclass)**

66. Plaintiff incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

67. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

68. Plaintiff and the Classes conferred a benefit on Defendant in the form of monies paid to purchase Defendant's defective and worthless Sunscreen Products.

69. Defendant voluntarily accepted and retained this benefit.

70. Because this benefit was obtained unlawfully, namely by selling and accepting compensation for Sunscreen Products unfit for human use, it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Classes, that the Court enter judgment in their favor and against Defendant as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Classes and Plaintiff's attorneys as Class Counsel;

(b) For an order declaring the Defendant's conduct violates the causes of action referenced herein;

(c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

Dated: July 21, 2021

/s/ *Katrina Carroll*
Katrina Carroll
CARLSON LYNCH
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Phone: (312) 750-1265
kcarroll@carlsonlynch.com

Jonathan M. Jagher
D. Patrick Huyett
FREED KANNER LONDON & MILLEN LLC
923 Fayette Street
Conshohocken, PA 19428
Phone: (610) 234-6486
jjagher@fklmlaw.com
phuyett@fklmlaw.com

William E. Hoese
Craig W. Hillwig
Barbara L. Gibson
Aarthi Manohar
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Phone: (215) 238-1700
whoese@kohnswift.com
chillwig@kohnswift.com
bgibson@kohnswift.com
amanohar@kohnswift.com

Attorneys for Plaintiff